Dear Ms. Morris:
As Attorney for the Marion County School Board and on behalf of the Marion County Superintendent of Schools, you have asked for my opinion on substantially the following questions:
1. Is a school board authorized to use school capital outlay surtax proceeds collected pursuant to section 212.055(6), Florida Statutes, to fund the construction of new classroom wings on existing elementary schools when the plan proposed in compliance with section 212.055(6)(c) references construction of new schools?
2. Is a school board authorized to use discretionary half-cent sales surtax proceeds collected pursuant to section 212.055(6), Florida Statutes, to fund a K-8 school in lieu of an elementary school and a middle school listed in the plan proposed in compliance with section 212.055(6)(c), Florida Statutes?
Your questions are related and will be addressed together.
According to your letter, the Marion County School Board adopted a resolution in 2004 proposing a referendum on a half-cent school capital outlay surtax pursuant to section 212.055(6), Florida Statutes. Pursuant to the requirements of the statute, the board identified a "plan for use of surtax proceeds." The referendum was approved and the school board has moved forward with its plan in regard to several of the schools identified in the resolution. However, it is having difficulty finding acceptable building sites for other proposed school facilities. In addition, class size reduction mandates have lowered the student capacity of existing elementary schools. You suggest that building classroom additions at ten elementary schools to bring them up to the capacity that their infrastructure supports would be more economical than building a new central elementary school.
Based on these considerations, the Superintendent asks whether the School Board can (i) properly use surtax proceeds to construct new classroom wings on existing centrally located elementary schools rather than build a new central elementary school, and (ii) combine a middle school and an elementary school into a single K-8 facility.
Article VII, section 9(a) of the Florida Constitution provides that "[c]ounties, school districts, and municipalities shall . . . be authorized by law to levy ad valorem taxes and may be authorized by general law to levy other taxes, for their respective purposes, except ad valorem taxes on intangible personal property and taxes prohibited by this constitution." Thus, the exercise of the power of taxation results from a constitutional authorization to school boards, implemented by statute, rather than the exercise of home rule powers pursuant to section 1001.32(2), Florida Statutes.[1]
Section 212.055(6), Florida Statutes, authorizes the school board of each county to levy a discretionary sales surtax at a rate not to exceed 0.5 percent. The levy must be made pursuant to a school board resolution that is conditioned to take effect only upon approval by a majority vote of those county electors who vote in a referendum on the matter. The resolution providing for the surtax must "set forth a plan for use of the surtax proceeds for fixed capital expenditures or fixed capital costs associated with the construction, reconstruction, or improvement of school facilities and campuses which have a useful life expectancy of 5 or more years, and any land acquisition, land improvement, design, and engineering costs related thereto. . . ."[2]
You have asked whether funds raised by imposition of the surtax may be used for new construction on existing school buildings rather than funding completely new construction, and whether the surtax funds may be used to build a single school housing students in kindergarten through the eighth grade rather than building a new elementary school and a new middle school.
The referendum approving the school capital outlay surtax with which you are concerned occurred in 2004. The ballot language used in the referendum provided:
"THE SCHOOL BOARD OF MARION COUNTY, FLORIDA SCHOOL SALES TAX REFERENDUM
Shall The School Board of Marion County, Florida, levy a one-half cent school capital outlay surtax on sales in Marion County, Florida, for 5 years, effective January 1, 2005, for the purpose of paying the cost of constructing certain school facilities in the County, including certain related costs, all as more specifically described in Resolution 04-01 of such Board adopted on June 22, 2004.
____ FOR THE ONE-HALF CENT TAX
____ AGAINST THE ONE-HALF CENT TAX"[3]
Resolution 04-01 adopted by the School Board of Marion County specifically states:
"The School Board of Marion County, Florida (the `Board') does not have sufficient revenues available to meet its financial obligations under the `Classroom Size Reduction Amendment' (Section 1, Article IX of the Constitution of the State of Florida), to provide for anticipated growth, and to alleviate overcrowding in existing school facilities. In order to do so, it must build 6 new schools in the next 5 years. These school capital outlay projects (Projects) are identified in the `Plan for Use of Surtax Proceeds' which is attached hereto and incorporated herein as Exhibit A."[4]
Thus, while the ballot language itself is relatively general and would provide the school board with some flexibility in this regard, the terms of the resolution, which are incorporated onto the ballot require the construction of new schools. Those new facilities are named in the "Plan For Use Of Surtax Proceeds" prepared pursuant to section 212.055(6), Florida Statutes, and attached to the Resolution. The plan, attached as "Exhibit A" to Resolution No. 04-01, provides that the surtax proceeds are to be used for:
"Fixed capital expenditures and fixed capital costs associated with construction of the following schools, each of which has a useful life in excess of 5 years, including but not limited to, land acquisition, land improvement, design and engineering costs related thereto, and costs of providing for technology implementation, subject to adjustments as necessary.
Southwest Elementary School B
Southeast Elementary School C
Central Elementary School D
Marion Oaks K-8
Southwest Middle School AA
Silver Springs Shores Middle School BB"
This office has consistently advised local governmental entities that surtax revenues generated pursuant to section 212.055, Florida Statutes, must be expended on projects that fall within the ballot language approving imposition of the tax.[5] For example, in Attorney General Opinion 2002-55 a school board asked whether school capital outlay surtax funds could be used to fund capital improvement projects for public charter schools. The voters had approved a referendum to permit the school board to collect a half-cent sales surtax pursuant to section 212.055(6), Florida Statutes, for capital improvement projects. At the time of the referendum, the school board adopted a list of approved projects that would be funded by the sales tax proceeds and included a multi-purpose facility for a particular elementary school. Shortly thereafter, the elementary school ceased to operate as a district-run public school and began operation as a charter school. The school buildings were removed from the district property inventory and the school board ceased to hold any real property interest in the school campus or its buildings. The opinion concluded that the school board could not use school capital outlay surtax revenues that were approved to fund capital construction projects on school district property and collected pursuant to section 212.055(6), Florida Statutes, to fund capital construction projects for a charter school owned and operated by a non-profit corporation when the funds were not approved by the voters for that purpose.
Because the tax moneys may be spent only for those purposes approved by the voters, it is my opinion that the funds raised pursuant to section 212.055(6), Florida Statutes, and Resolution No. 04-01 of the School Board of Marion County, Florida, are restricted to building the six new schools specifically identified in the resolution and attachments[6] put before and approved by the voters. They, therefore, may not be used for other purposes that were not expressly approved by the voters, including those in your letter.
Sincerely,
 Charlie Crist Attorney General
CC/tgh
[1] See s. 1001.32(2), Fla. Stat., stating that district school boards shall operate, control, and supervise all free public schools in their districts and "may exercise any power except as expressly prohibited by the State Constitution or general law."; Op. Att'y Gen. Fla. 02-12 (2002) (school board may not make imposition of School Capital Outlay Surtax for term of years contingent upon cap being imposed on discretionary capital millage); and Op. Att'y Gen. Fla. 03-37 (2003).
[2] Section 212.055(6)(c), Fla. Stat.
[3] See Section 4, Resolution No. 04-01, School Board of Marion County, effective June 22, 2004.
[4] See section 2.A., Resolution No. 04-01, School Board of Marion County.
[5] See, e.g., Ops. Att'y Gen. Fla. 00-06 (2000) concluding that s. 212.055(2), Fla. Stat., requires that a general description of the projects to be funded by a local government infrastructure surtax must be placed on the ballot to approve the imposition of the surtax and that revenues from the surtax must be expended on projects that fall within the general description contained on the ballot; Ops. Att'y Gen. Fla. 03-17 (2003) and 01-45 (2001).
[6] See School Board of Marion County, Florida, Resolution No. 04-01, s. 2.A.